```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KENNETH HEISTAND,**

                              **Plaintiff,**

                                                                               CIVIL ACTION
           **vs.**                                                                      No. 05-3132-SAC

**HAROLD COLEMAN, et al.,**

                              **Defendants.**

<u>**ORDER**</u>

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was a pretrial detainee confined in the Southeast Kansas Regional Correctional Center in Fort Scott, Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Plaintiff seeks relief on six claims. In his first three claims, plaintiff alleges defendants violated the Eighth Amendment by denying him procedural rights in three separate disciplinary actions that resulted in his placement in segregation. In claim 4, plaintiff alleges the denial of adequate dental treatment and supplies violated the Eighth Amendment. In claim 5, plaintiff alleges the denial of his right of access to the courts and right to represent himself in his criminal proceeding, contrary to the Sixth, Eighth, and Fourteenth Amendments. And in claim 6, plaintiff

alleges officers unlawfully searched his home and planted evidence to effect plaintiff's arrest in violation of the Fourth and Eighth Amendments.

Having reviewed plaintiff's supplemented complaint, the court finds the first five claims in the complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.[1] *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

Claims One through Five

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

In his first three claims, plaintiff states he was denied a hearing and an adequate factual notice of the offenses in three separate disciplinary proceedings. He cites two disciplinary actions in January 2005 that each resulted in five days of segregation, and a third disciplinary action at the end of February 2005 that resulted in segregated confinement for thirty days. While in segregation, plaintiff cites restrictions on his access to exercise, recreation, telephone, visitation, and commissary, and

---

[1] The court previously directed plaintiff to supplement the complaint to show full exhaustion of remedies on claims one through five. Without deciding whether plaintiff's showing of exhaustion of remedies is sufficient to avoid dismissal of the complaint pursuant to 42 U.S.C. § 1997e(a), the court finds claims one through five should be dismissed as stating no claim for relief. *See* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

further claims the segregation cell provided inadequate lighting and no hot water. However, the duration and deprivation alleged in plaintiff's segregated confinement falls far short of establishing any liberty interest protected by the Due Process Clause. *See* Sandin v. Conner, 515 U.S. 472 (1995)(prisoner's placement in administrative segregation does not implicate the Due Process Clause of the Fourteenth Amendment unless the confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). Nor are plaintiff's isolated instances of deficient condition sufficient to show any denial of "the minimal civilized measure of life's necessities" for the purpose of stating a claim under the Eighth Amendment. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991).[2]

In his fourth claim, plaintiff states he was provided an inadequate toothbrush and his requests for outside dental examination and cleaning were denied. Plaintiff contends the temporary toothbrush for placement on a finger was not proper dental equipment and caused bleeding gums and tooth pain.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[3] To state a cognizable

---

[2]*See* McClendon v. City of Albuquerque, 79 F.3d 1014, 1022 (10th Cir. 1996)(pretrial claim based on conditions of confinement is evaluated under Eighth Amendment standard).

[3]*See* Barrie v. Grand County, Utah, 119 F.3d 862, 868-69 (10th Cir. 1997)(whether convicted prisoner or pretrial detainee, a prisoner has no claim against his custodian for failure to provide adequate medical attention unless custodian knows of and is "deliberately indifferent" to risk involved); Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992)(Fourteenth Amendment Due Process Clause entitles pretrial detainees to same protection as Eighth Amendment against denial of medical care).

Eighth Amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  This requires a showing of both a sufficiently serious pain or deprivation, and deliberate indifference by offending officials.  Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 809 (10th Cir. 1999).  Plaintiff's disagreement with the quality of the temporary toothbrush available at the jail, and the denial of outside routine dental treatment, are insufficient to satisfy this constitutional standard.  See Estelle, 429 U.S. at 106-07 (simple difference of opinion between inmate and prison staff regarding medical treatment does not itself state a constitutional violation); Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992)(no claim of constitutional dimension is stated where prisoner challenges only matters of medical judgment or otherwise expresses mere difference of opinion concerning the appropriate course of treatment).

In his fifth claim, plaintiff contends he is denied his right of access to the courts, and denied the right to represent himself in his criminal case, contrary to the Sixth, Eighth, and Fourteenth Amendments.

The Supreme Court has held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977).  The constitutionally relevant benchmark is meaningful, not total or unlimited, access.  Id. at 823.  "Bounds did not create an abstract, freestanding right to a law library or

4

legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). *See also* Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").  The Fourteenth Amendment right of due process via access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). *See* Carper v. DeLand, 54 F.3d 613, 616-17 (10th Cir. 1995)(right of access to courts extends only to preparation and filing of habeas corpus petition or to initial civil rights complaint challenging conditions of confinement). This right of meaningful access extends to inmates in county jails. Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986).[4]

Here, plaintiff states the legal resources at the jail are limited and outdated, and that his requests for specific legal materials were denied. Plaintiff's pleadings clearly reflect that plaintiff was represented by counsel in plaintiff's criminal

---

[4] To the extent plaintiff seeks damages under the Eighth Amendment on these allegations, no claim for relief is stated because plaintiff is a pretrial detainee rather than a prisoner. Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). The Due Process Clause of the Fourteenth Amendment, rather than the Eight Amendment, guarantees state prisoners the right to `adequate, effective, and meaningful' access to the courts." Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993).
   Likewise, plaintiff's allegations provide no factual or legal basis for finding any deprivation of plaintiff's right under the Sixth Amendment to the assistance of counsel in plaintiff's criminal case, or to plaintiff's right to represent himself in that case.

5

proceeding. Additionally, plaintiff identifies no prejudice to any nonfrivolous legal action he attempted to file concerning the conditions of his confinement. The court thus finds the plaintiff's allegations state no constitutional claim for the purpose of seeking relief under 42 U.S.C. § 1983.

Claim Six

In his sixth and final claim, plaintiff alleges defendants unlawfully searched his home and planted evidence to effect his arrest. Plaintiff states the resulting drug charge(s) were dismissed when the evidence did not test positive for drugs.

To the extent plaintiff seeks damages under the Eighth Amendment on these allegations, this final claim is also subject to being summarily dismissed as stating no claim for relief because the Eighth Amendment prohibition against cruel and unusual punishment does not apply to pretrial detainees. *See* Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977)("Eighth Amendment scrutiny is appropriate only after the State has ... secured a formal adjudication of guilt in accordance with due process of law").

To the extent plaintiff seeks damages for the alleged violation of his rights under the Fourth Amendment, the court finds amendment of the complaint is necessary to identify the particular defendants against whom relief is being sought and their personal participation in the alleged misconduct. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not

6

sufficient to state a constitutional violation.")(internal citation omitted). The failure to file a timely amended complaint that sufficiently identifies each defendant's personal participation in the misconduct alleged in claim six may result in this final claim being dismissed.

Pending Motions

Plaintiff seeks a temporary restraining order (Doc. 3) and appointment of counsel (Doc. 4). The court denies these requests. Plaintiff states a concern that his confinement in segregation might be unlawfully extended, and reiterates his pro se status and request for legal assistance. To any extent plaintiff's motion for a temporary restraining order has not been rendered moot, plaintiff has not established a substantial likelihood that he could succeed on his claims, or that he will suffer irreparable injury unless the retraining order issues. *See* Country Kids 'N City Slick, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996)(stating standards for obtaining temporary restraining order). Additionally, having reviewed the complexity of plaintiff's claims and plaintiff's ability to present said claims, the court finds the appointment of counsel in this matter is not warranted at this time. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that claims one through five in the complaint are dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30)

days to amend claim six in his complaint to identify the defendants involved in this claim, and to set forth each defendant's personal participation in the alleged misconduct.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order (Doc. 3) and motion for appointment of counsel (Doc. 4) are denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.

                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge